Milligan, J.,
delivered the opinion of the Court.
This cause originated by attachment, sued out by a Justice of the Peace of MdSTairy County.
The affidavit alleges that the defendant is indebted to tie plaintiff in the sum of $150.00 by account, and that he so absconds, or' conceals himself, that the ordinary process of law cannot be served upon him. The attachment follows the affidavit. The cause was tried before the Justice, and resulted in a. judgment for the defendant below. The plaintiff appealed to the Circuit Court, where there was a trial, do novo, before a jury, and a verdict and judgment for $150.00 in favor of the' plaintiff; from which an appeal in error is prosecuted to this Court.
The principal error assigned here, is, the want of jurisdiction in the Justice of the Peace to try the case. The facts show that the cause of action originated in tort; that the defendants, wrongfully and forcibly in the night, took from the. plaintiff a horse, which, on the trial, was proven to be worth $150.00; and the jury assessed his damages to that amount, which is made the judgment of the Court. The Circuit Judge instructed the jury that the action, by the 4th section of the Schedule to the amended Constitution, could well be maintained before the Justice of the Peace.
We think it clear that the Justice had no jurisdiction in the cause. The 4th section of the Sched *24 ule to the amended Constitution confers no additional authority, in cases of attachment, upon Justices of the Peace, which they had not, under the laws as they existed before its adoption, except in actions of tort, which, under the- Schedule, they may proceed to judgment and collection of the same as upon con-contracts, with personal service. The amount over which they have jurisdiction, in all cases of damages arising from contract or tort, is limited by the Code, sec. 4123-3, to fifty dollars; and by secs. 4173, 4174, the jurisdiction of Justices of the Peace, in cases of attachment, is limited to the amount of their jurisdiction over the subject matter of the suit, or causes of action. By the Act of 1860, Justices’ jurisdiction in replevin cases, and cases for damages that thej now have jurisdiction in, is extended to one hundred dollars; so that construing the provisions of the Code and the Act of 1860, together with the 4th section of the Schedule to the amended Constitution, it is obvious that the jurisdiction of Justices of the Peace in cases of attachment returnable before them, in all actions arising out of tort, is limited to one hundred dollars. But it is insisted, that under the authority of the case of Allsbrook vs. Hathaway, Ex’r., 3 Sneed, 454, the plaintiff below, had the right, at his election, to sue in trespass, or trover, for the tort, or to waive it, and sue as upon an implied promise to pay the value of the property converted.
However this may be, even recognizing the authority of this case to the full extent claimed for it by the majority of the Court concurring in the opinion, *25 we think it clear, under the seo. 4128-3, and the Act of 1860, limiting the jurisdiction of Justices of the Peace, in all cases of damages arising from “ contract, or tort,” to one hundred dollars, that a waiver of the tort would not, in such cases, extend the jurisdiction beyond that amount. It follows, therefore, as a cor-rolary, that the instructions given the jury in the Court below, are erroneous.
The judgment must he reverged, and the cause dismissed.